## UNITED STATES *vs.* KOBAYAKAWA, *et al.*

### November 4, 1904.

*Criminal Law.—Distiller.—Sufficiency of Count:* A count of an indictment, charging that defendants unlawfully carried on the business of a distiller without having given bond as required by law, contrary to the form of the statute, etc., is a sufficient description of the offense stated in Sec. 3260 R. S. U. S., the word "distiller" being defined in Sec. 3247 R. S. U. S.

*Same.—Still.—Sufficiency of Count:* A count of an indictment charging that defendants unlawfully had in their possession and custody and under their control a still and distilling apparatus set up without having the same registered as required by law, contrary to the form of the statute, etc., is a sufficient description of the offense stated in R. S. U. S. Sec. 3258, as the offense is complete upon the setting up of a distilling apparatus for distilling any substances whatever, without registering the same.

Criminal Law:   Motion for Arrest of Judgment.

Robert W. Breckons, U. S. District Attorney, for the Government.

Lyle A. Dickey, Attorney for Defendants.

DOLE, J.   The defendant, Kobayakawa, was tried under an indictment of two counts, the first charging the violation of Section 3258 of the Revised Statutes and the second the violation of Section 3260.   The jury returned a verdict of guilty under both counts.   The defendant, by his counsel, moved for an arrest of judgment on the ground that the indictment did not charge the defendant with the commission of any crime and that it is indefinite and uncertain so that the defendant was not insured a fair trial and is not protected against a further prosecution for the same offense, in that it does not state what kind of a distilling business the defendant was engaged in nor what kind of still he was in possession of, whether for distilling water, spirits, or some other liquor, and in what actions his conduct of the business of a distiller consisted.

The first count charges substantially in the words of the

statute, that the defendants unlawfully had in their possession and custody and under their control, a still and distilling apparatus set up without having the same registered as required by law, contrary to the form of the statute, etc. The second count charges that the defendants unlawfully carried on the business of a distiller without having given bond as required by law, contrary to the form of the statute, etc. The words of the statute (R. S. U. S. Sec. 3260) are, "Every person intend-"ing to commence or continue the business of a distiller shall, "on filing with the collector his notice of such intention and "before proceeding with such business, and on the first day of "May of each succeeding year, execute a bond," etc.

In support of his contention, counsel for defendant cited *Terry v. United States,* 120 Fed. Rep. 483, which was under an indictment made up of several counts, in which the jury found the plaintiff in error guilty on the sixth count; which count charged a violation of Section 3279 of the Revised Stat-utes for unlawfully and knowingly carrying and delivering "raw material" to the distillery on which no sign was placed and kept as required by law. The Circuit Court of Appeals, Fourth Circuit, ruled on error that the judgment should have been arrested after verdict because the count did not charge that such raw material was delivered to a distillery for the pro-duction of spirits, and also, that it did not define the raw mate-rial; the court said:

"There are other distilleries operated in this country besides those for the production of spirituous liquor;" also "The term 'raw material' such as is used in distilleries of spirituous liquors as above shown, includes material of various kinds and it was due to the plaintiff in error that the indictment should set forth particularly the kind of raw material which was furnished in order that the court might see whether or not it was such mate-rial as could be utilized in a distillery for the production of dis-tilled spirits."

This authority does not apply to the case before the court be-cause in the second count of this case, the defendants are

charged with unlawfully carrying on the "business of a distiller." Now the word *distiller* is defined by Section 3247 of the Revised Statutes and means a person who is making spirits by any process of evaporation or who, keeping or handling substances fit for distillation or the production of spirits, has in his possession or use a still; but the word *distillery* is not defined by statute, and the case of *Terry v. United States,* being decided in favor of the plaintiff in error on account of the insufficiency of the word distillery without further description, does not apply to the objection in this case in which the word distiller is objected to as insufficient without further description. The word distiller having been given by statute the above definite meaning, the words "business of a distiller" have also a clear and definite meaning as to the business of distilling spirits. Therefore, as regards the second count, there is no vagueness in the description of the offense charged, and it is definite enough to protect the defendant against a new prosecution for the same offense.

The point is made in regard to the first count that it does not describe the still, charged to be in the possession and control of defendants and set up without having been registered, as being a still to be used in distilling spirits. I find on reference to the statute,—Section 3258 of the Revised Statutes,—that the offense is having in one's possession and control a distilling apparatus, set up without having the same registered according to law. The law is not aimed at a distillery for distilling spirits merely, but requires all stills whether intended to distill spirits or vinegar or anything else, to be registered.

This being the case, the objection in relation to the first count falls to the ground, the offense being described in the words of the statute, and such words affording a clear and definite description of the offense.

The motion is overruled on all grounds.